Mark C. Choate, AK #8011070
Jon M. Choate, AK #1311093
CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490
Facsimile: (888) 856-3894
Email: lawyers@choatelawfirm.com
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KANA`I SPORTSMAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TRIDENT SEAFOODS CORPORATION; HAROLD BRUCE MAGNUSSON *in personam*; and the F/V BREANNA HOLLY, Hull Number 38-06, her engines, winches, gear, and appurtenances, *in rem*,<br><br>　　　　Defendant. | Case No.<br><br>COMPLAINT<br><br>JURY TRIAL REQUESTED |

Plaintiff, KANA`I SPORTSMAN, by and through his counsel, Choate Law

Firm LLC, alleges against the above named Defendants as follow:

COMPLAINT
*Sportsman v. Trident Seafoods Corporation, et al.*
Page 1 of 20

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:22-cv-00142-JWS   Document 1   Filed 06/10/22   Page 1 of 20

## PRELIMINARY ALLEGATIONS
### (Parties, Jurisdiction and Venue)

1. This is an action based upon this Court's federal question jurisdiction pursuant to Title 28 U.S.C. § 1331 because it involves a Jones Act claim under Title 46 U.S.C. § 688.

2. Plaintiff, Kana`i Sportsman ("Sportsman"), specifically invokes this Honorable Court's federal question jurisdiction for purposes of asserting his Jones Act claim and demands a jury trial of said claim.

3. In addition, this Court has admiralty jurisdiction over the general maritime unseaworthiness and maintenance and cure claims asserted in this suit pursuant to Title 28 U.S.C. § 1333.

4. This Court has supplemental jurisdiction under Title 28 U.S.C. § 1367 of any and all other claims that are related to Plaintiff Sportsman's Jones Act negligence, general maritime unseaworthiness, and maintenance and cure claims.

5. Plaintiff, Kana`i Sportsman ("Sportsman") is presently a resident of Las Vegas, Nevada, although at the time of the subject accident, Plaintiff was employed as an able-bodied seaman in Kodiak, Alaska.

COMPLAINT
*Sportsman v. Trident Seafoods Corporation, et al.*
Page 2 of 20

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:22-cv-00142-JWS   Document 1   Filed 06/10/22   Page 2 of 20

6. On information and belief, Defendant, Trident Seafoods Corporation ("Trident") is a Washington Corporation, licensed and doing business in Kodiak, Alaska and in the business of processing fish.

7. On information and belief, Defendant Harold Bruce Magnusson ("Magnusson") is a resident of Kodiak, Alaska and conducting business in Alaska as the owner and operator of F/V Breanna Holly (the "Vessel").

8. The Vessel is a commercial fishing vessel with a home port of Kodiak, Alaska, which on information and belief is owned and/or managed by the *in personam* Defendant Magnusson.

9. At all times material hereto, the Vessel was and is a commissioned vessel that operates on navigable waters, including the navigable waters in and around Kodiak, Alaska.

10. At all times material hereto, Defendant Magnusson employed Plaintiff Sportsman to work as a seaman on board the Vessel.

11. At all times material hereto, Plaintiff Sportsman was a seaman working on board the Vessel while the Vessel was on navigable waters.

COMPLAINT
*Sportsman v. Trident Seafoods Corporation, et al.*
Page 3 of 20

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:22-cv-00142-JWS   Document 1   Filed 06/10/22   Page 3 of 20

12. The *in rem* Defendant, F/V Breanna Holly, will be within the territorial jurisdiction of the United States District Court for the District of Alaska during the pendency of this suit.

13. Defendants, Magnusson and Trident, are subject to personal jurisdiction in the State of Alaska because the Defendants did one or more of the following acts within the state:

14. The amount in controversy herein, exclusive of interest and costs, exceeds $75,000.

15. Venue is proper in this District, in that the Vessel called upon this District where the subject accident occurred and a substantial part of the events or omissions giving rise to the claims occurred within this District.

16. Further, Plaintiff was injured in or near the coastal waters of Alaska, and Defendants and each of them conducted business directly related to the subject of this action in Alaska. 28 U.S.C. § 1391.

17. Concomitantly, personal jurisdiction exists over the Defendants by virtue of all applicable law, including the Alaska Long-Arm Statute, AS 09.05.015.

COMPLAINT
*Sportsman v. Trident Seafoods Corporation, et al.*
Page 4 of 20

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:22-cv-00142-JWS   Document 1   Filed 06/10/22   Page 4 of 20

## OPERATIVE FACTS
### (Accident)

18. On or about August 1, 2020, Plaintiff was an able-bodied seaman employed by Magnusson aboard the F/V Breanna Holly in Kodiak, Alaska.

19. On or about August 1, 2020 at approximately 6:30 p.m., the F/V Breanna Holly was docked at the Trident Seafoods' processing plant in Kodiak, Alaska.

20. Kodiak is Alaska's largest island, located approximately 250 miles southwest of Anchorage, Alaska.

21. Trident's Kodiak plant is a shore-based facility producing fresh and frozen seafood. A portion of the processing activity takes place on the Star of Kodiak, a permanently moored World War II Liberty Ship that has been converted for seafood production. The shipboard operation works in conjunction with another modern facility located adjacent to the vessel. Together they process cod, crab, pollock, halibut, flatfish, rockfish, salmon, and other available species.

22. The Trident cannery's boom operator was lowering a net onto the F/V Breanna Holly, when the net caught in the boom and a King Ring weighing

COMPLAINT
*Sportsman v. Trident Seafoods Corporation, et al.*
Page 5 of 20

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:22-cv-00142-JWS   Document 1   Filed 06/10/22   Page 5 of 20

approximately 5 pounds attached to the net fell from a height of 10-15 feet striking Sportsman in the head.

23. Sportsman suffered a head laceration, was immediately disoriented and experienced severe head pain.

24. Sportsman was transported to the Providence Kodiak Island Medical Center emergency room where he was diagnosed with concussion and a 2.5 cm laceration that required 3 staples to close.

25. Defendants Magnusson and Trident are vicariously liable for the actions and omissions of their employees, agents and servants acting in the course and scope of their employment.

## FIRST CAUSE OF ACTION
### (Jones Act 46 U.S.C. § 688 – Negligence)

26. Plaintiff incorporates all of his foregoing allegations by reference.

27. At all times material hereto, *in personam* Defendant, Magnusson, owed a duty to exercise reasonable care to provide Plaintiff with a safe place to work.

28. On or about August 1, 2020, Defendant Magnusson, breached his reasonable duty of care to provide Plaintiff with a safe place to work

COMPLAINT
*Sportsman v. Trident Seafoods Corporation, et al.*
Page 6 of 20

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:22-cv-00142-JWS   Document 1   Filed 06/10/22   Page 6 of 20

29. At the time of the accident, the F/V Breanna Holly was retrieving one of its nets from storage at the Trident dock, sitting in navigable waters at Kodiak, Alaska.

30. At the time of the accident, Plaintiff was participating in the transfer of the net to the Vessel, an ordinary task of an able-bodied seaman aboard the Vessel.

31. The Vessel and her owner/operators negligently failed to provide Sportsman with a safe place to work, including but not limited to: failing to assure workers were not working underneath boom operations and failing to provide Sportsman with a hardhat.

32. Defendants, and each of them, were negligent in the active involvement and control over the premises of the vessel and activities occurring thereon.

33. Defendants, and each of their negligence was a substantial factor in causing Sportsman to sustain injuries to his person, including but not limited to concussion, head laceration and mTBI.

COMPLAINT
*Sportsman v. Trident Seafoods Corporation, et al.*
Page 7 of 20

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:22-cv-00142-JWS   Document 1   Filed 06/10/22   Page 7 of 20

34. As a direct and legal result of Defendants' negligence, Plaintiff sustained great physical and emotional harm in an amount to be determined at time of trial.

35. Plaintiff's aforementioned injuries are permanent in nature and have caused and will continue to cause Plaintiff severe pain and suffering in an amount to be proven at time of trial.

36. Due to the injury, Sportsman was physically unable to continue working as an able-bodied seaman for defendants Magnusson and F/V Breanna Holly, and shortly thereafter, returned to his residence in Nevada.

37. Upon Sportsman's return to Nevada, he has continued to receive medical care and treatment for a traumatic brain injury.

38. Presently, Sportsman is only capable of some part-time employment.

39. As a further direct and legal result of the Defendants' negligence, Sportsman has lost earnings and future earning capacity, in an amount to be determined at time of trial.

40. As a further direct and legal result of the conduct of the Defendants, and each of them, Sportsman has incurred and will continued to incur liabilities for

COMPLAINT
*Sportsman v. Trident Seafoods Corporation, et al.*
Page 8 of 20

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:22-cv-00142-JWS   Document 1   Filed 06/10/22   Page 8 of 20

medical attention, care and treatment, wage loss, and future loss of earning capacity, in an amount exceeding $75,000 to be determined at time of trial.

WHEREFORE, Plaintiff Sportsman demands judgment against *in personam* Defendant, Magnusson, and requests the Court award him compensatory damages, costs and all other relief this Court deems just and proper. Further, Plaintiff Sportsman demands a jury trial on his Jones Act negligence claim pursuant to Title 46 U.S.C. § 688.

## SECOND CAUSE OF ACTION
### (General Maritime Unseaworthiness)

41. Plaintiff incorporates all of his foregoing allegations by reference.

42. At all material times hereto, *in personam* Defendant, Magnusson, and the *in rem* Defendant Vessel had absolute, non-delegable duties to provide a seaworthy vessel to Plaintiff, which was reasonably safe and fit for its intended purpose.

43. On or about August 1, 2020 *in personam* Defendant, Magnusson, and the *in rem* Defendant Vessel breached their warranties or duties to provide Plaintiff a reasonably safe and fit vessel by, among other things: failing to assure workers

COMPLAINT
*Sportsman v. Trident Seafoods Corporation, et al.*
Page 9 of 20

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:22-cv-00142-JWS   Document 1   Filed 06/10/22   Page 9 of 20

were not working underneath boom operations and failing to provide Sportsman with a hardhat.

44. Defendants' breach caused Sportsman to sustain injuries to his person, including but not limited to concussion, head laceration and mTBI.

45. As a direct and legal result of Defendants' breach, Plaintiff sustained great physical and emotional harm in an amount to be determined at time of trial.

46. Plaintiff's aforementioned injuries are permanent in nature and have caused and will continue to cause Plaintiff severe pain and suffering in an amount to be proven at time of trial.

47. Due to the injury, Sportsman was physically unable to continue working as an able-bodied seaman for defendants Magnusson and F/V Breanna Holly, and shortly thereafter, returned to his residence in Nevada.

48. Upon Sportsman's return to Nevada, he has continued to receive medical care and treatment for a traumatic brain injury.

49. Presently, Sportsman is only capable of some part-time employment.

50. As a further direct and legal result of the Defendants' breach, Sportsman has lost earnings and future earning capacity, in an amount to be determined at time of trial.

COMPLAINT
*Sportsman v. Trident Seafoods Corporation, et al.*
Page 10 of 20

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:22-cv-00142-JWS   Document 1   Filed 06/10/22   Page 10 of 20

51. As a further direct and legal result of the conduct of the Defendants, and each of them, Sportsman has incurred and will continued to incur liabilities for medical attention, care and treatment, wage loss, and future loss of earning capacity, in an amount exceeding $75,000 to be determined at time of trial.

WHEREFORE, Plaintiff Sportsman prays for the following:

    a. That process be issued against the F/V Breanna Holly, her engines, tackle, apparel, and appurtenances, *in rem*;

    b. That all persons having or claiming interest therein may be cited to appear and answer the aforesaid matter;

    c. That Plaintiff be decreed to have a lien upon the *in rem* Defendant F/V Breanna Holly, described herein and that such lien be foreclosed in accordance with law and thereupon that the Vessel be condemned and sold in payment of the amount due and all such other sums as are owed;

    d. That Plaintiff be permitted to bid the amount of his lien at the sale of the said Vessel at a U.S. Marshal's Sale;

COMPLAINT
*Sportsman v. Trident Seafoods Corporation, et al.*
Page 11 of 20

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:22-cv-00142-JWS   Document 1   Filed 06/10/22   Page 11 of 20

e. That upon proper notice and hearing, judgment be entered against the *in rem* Defendant and the *in personam* Defendant Magnusson, together with prejudgment interest and costs; and,

f. For such other and further relief as this Court may deem just and proper.

In addition, Plaintiff demands a trial by jury of her unseaworthiness claim pursuant to the "savings to suitors" clause of Title 28 U.S.C. § 1333.

## THIRD CAUSE OF ACTION
**(Maintenance and Cure)**

52. Plaintiff incorporates all of his foregoing allegations by reference.

53. Pursuant to the General Maritime Law, *in personam* Defendant Magnusson, and the *in rem* Defendant Vessel have absolute, non-delegable duties to provide Plaintiff with maintenance and cure if he falls ill or is injured while in the service of the Vessel.

54. By reason of the foregoing, Plaintiff was disabled from resuming his hereinabove alleged employment, and is therefore entitled to maintenance, care, cure, and wages for the duration of said disability.

COMPLAINT
*Sportsman v. Trident Seafoods Corporation, et al.*
Page 12 of 20

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:22-cv-00142-JWS   Document 1   Filed 06/10/22   Page 12 of 20

55. Defendants have willfully, arbitrarily and capriciously failed to pay maintenance and cure owed and continue to fail to pay all maintenance and cure owed.

56. As a legal result thereof, Plaintiff suffered unnecessary physical injury and emotional distress, a result of Defendants' wrongful conduct.

57. Plaintiff is entitled to recover compensatory and other damages against defendants, including the attorney's fees and costs incurred to prove up Plaintiff's maintenance and cure claim.

WHEREFORE, Plaintiff Sportsman prays for the following:

   a. That process be issued against the F/V Breanna Holly, her engines, tackle, apparel, and appurtenances, *in rem*;

   b. That all persons having or claiming interest therein may be cited to appear and answer the aforesaid matter;

   c. That Plaintiff be decreed to have a lien upon the *in rem* Defendant F/V Breanna Holly, described herein and that such lien be foreclosed in accordance with law and thereupon that the Vessel be condemned and sold in payment of the amount due and all such other sums as are owed;

COMPLAINT
*Sportsman v. Trident Seafoods Corporation, et al.*
Page 13 of 20

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:22-cv-00142-JWS   Document 1   Filed 06/10/22   Page 13 of 20

d. That Plaintiff be permitted to bid the amount of his lien at the sale of the said Vessel at a U.S. Marshal's Sale;

e. That upon proper notice and hearing, judgment be entered against the *in rem* Defendant and the *in personam* Defendant Magnusson, together with prejudgment interest and costs; and,

f. For such other and further relief as this Court may deem just and proper.

## FOURTH CAUSE OF ACTION
### (Common Law Negligence)

58. Plaintiff incorporates all of his foregoing allegations by reference.

59. At all times material hereto, Defendant Trident owed a duty to exercise reasonable care to Plaintiff to provide a safe environment for the unloading the Vessel's cargo.

60. On or about August 1, 2020, Defendant Trident breached its duties to provide Plaintiff a safe environment for the unloading the Vessel's cargo by lowering the net onto the F/V Breanna Holly, causing the net to catch up in the boom, which resulted in the King Ring falling and striking Plaintiff's head.

COMPLAINT
*Sportsman v. Trident Seafoods Corporation, et al.*
Page 14 of 20

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:22-cv-00142-JWS   Document 1   Filed 06/10/22   Page 14 of 20

61. Trident's boom operator was in control of the boom lowering a net onto the F/V Breanna Holly where Sportsman was working.

62. Trident's boom operator's negligence in the operation of the boom lowering the net onto the F/V Breanna Holly caused Plaintiff physical injury.

63. As a direct and legal result of Defendant Trident's negligence, Plaintiff sustained great physical and emotional harm in an amount to be determined at time of trial.

64. Plaintiff's aforementioned injuries are permanent in nature and have caused and will continue to cause Plaintiff severe pain and suffering in an amount to be proven at time of trial.

65. Due to the injury, Sportsman was physically unable to continue working as an able-bodied seaman for defendants Magnusson and F/V Breanna Holly, and shortly thereafter, returned to his residence in Nevada.

66. Upon Sportsman's return to Nevada, he has continued to receive medical care and treatment for a traumatic brain injury.

67. Presently, Sportsman is only capable of some part-time employment.

COMPLAINT
*Sportsman v. Trident Seafoods Corporation, et al.*
Page 15 of 20

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:22-cv-00142-JWS   Document 1   Filed 06/10/22   Page 15 of 20

68. As a further direct and legal result of the Defendants' negligence, Sportsman has lost earnings and future earning capacity, in an amount to be determined at time of trial.

69. As a further direct and legal result of the conduct of the Defendants, and each of them, Sportsman has incurred and will continued to incur liabilities for medical attention, care and treatment, wage loss, and future loss of earning capacity, in an amount exceeding $75,000 to be determined at time of trial.

70. Sportsman requests a trial by jury on all issues so triable.

WHEREFORE, plaintiff prays judgment against Defendant Trident, as follows:

a. For medical and special damages according to proof at time of trial;

b. For loss of earnings and earning capacity according to proof at time of trial;

c. For general damages according to proof at time of trial;

d. For costs of suit incurred herein; and,

e. For such other and further relief as the court may deem just and proper.

## FIFTH CAUSE OF ACTION

COMPLAINT
*Sportsman v. Trident Seafoods Corporation, et al.*
Page 16 of 20

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:22-cv-00142-JWS   Document 1   Filed 06/10/22   Page 16 of 20

## (LHWCA §905(b) – Negligence)

71. Plaintiff incorporates all of his foregoing allegations by reference.

72. In the alternative, if Plaintiff is not determined to be "seaman" pursuant to the Jones Act, Plaintiff asserts claims against Defendants under 33 USC 905(b) of the Longshoreman and Harborworkers Act.

73. At the time of the accident, the F/V Breanna Holly was involved with transferring fish at the Trident dock.

74. Trident's boom operator was in control of the boom lowering a net onto the F/V Breanna Holly where Sportsman was working.

75. Trident's boom operator's negligence in the operation of the boom lowering the net onto the F/V Breanna Holly caused the net to catch up in the boom resulting in the King Ring falling and striking plaintiff's head.

76. The Vessel and her owner/operators negligently failed to provide Sportsman with a safe place to work, including but not limited to: failing to assure workers were not working underneath boom operations and failing to provide Sportsman with a hardhat.

COMPLAINT
*Sportsman v. Trident Seafoods Corporation, et al.*
Page 17 of 20

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:22-cv-00142-JWS   Document 1   Filed 06/10/22   Page 17 of 20

77. Defendants, and each of them, were negligent in the active involvement and control over the premises of the vessel and activities occurring thereon.

78. Defendants, and each of their negligence was a substantial factor in causing Sportsman to sustain injuries to his person, including but not limited to concussion, head laceration and mTBI.

79. As a direct and legal result of Defendants' negligence, Plaintiff sustained great physical and emotional harm in an amount to be determined at time of trial.

80. Plaintiff's aforementioned injuries are permanent in nature and have caused and will continue to cause Plaintiff severe pain and suffering in an amount to be proven at time of trial.

81. Due to the injury, Sportsman was physically unable to continue working as an able-bodied seaman for defendants Magnusson and F/V Breanna Holly, and shortly thereafter, returned to his residence in Nevada.

82. Upon Sportsman's return to Nevada, he has continued to receive medical care and treatment for a traumatic brain injury.

83. Presently, Sportsman is only capable of some part-time employment.

COMPLAINT
*Sportsman v. Trident Seafoods Corporation, et al.*
Page 18 of 20

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:22-cv-00142-JWS   Document 1   Filed 06/10/22   Page 18 of 20

84. As a further direct and legal result of the Defendants' negligence, Sportsman has lost earnings and future earning capacity, in an amount to be determined at time of trial.

85. As a further direct and legal result of the conduct of the Defendants, and each of them, Sportsman has incurred and will continued to incur liabilities for medical attention, care and treatment, wage loss, and future loss of earning capacity, in an amount exceeding $75,000 to be determined at time of trial.

86. Sportsman requests a trial by jury on all issues so triable.

WHEREFORE, plaintiff prays judgment against Defendants, and each of them, as follows:

1. For medical and special damages according to proof at time of trial;
2. For loss of earnings and earning capacity according to proof at time of trial;
3. For general damages according to proof at time of trial;
4. For costs of suit incurred herein; and,
5. For such other and further relief as the court may deem just and proper.

COMPLAINT
*Sportsman v. Trident Seafoods Corporation, et al.*
Page 19 of 20

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:22-cv-00142-JWS   Document 1   Filed 06/10/22   Page 19 of 20

Dated: June 7, 2022.

                                         CHOATE LAW FIRM LLC
                                         Attorneys for Plaintiff

                                    By: *Mark Choate*
                                          Mark Choate AK #8011070

COMPLAINT
*Sportsman v. Trident Seafoods Corporation, et al.*
Page 20 of 20

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:22-cv-00142-JWS   Document 1   Filed 06/10/22   Page 20 of 20